UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDRE BRAD,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, CAPTAIN HAYNES,
INSPECTOR MICHAEL HARRINGTON, POLICE
OFFICER JAMES V. MARSTON SHIELD # 24796,
JOHN DOE ##1-2,

                                Defendants.

Docket No.

**COMPLAINT AND
JURY DEMAND**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incident occurring on October 8, 2003 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, assault, battery, false imprisonment, and malicious prosecution for acts of which plaintiff was innocent.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

7.     Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant.  The Commissioner is sued in his individual and official capacities.

10.     Captain Haynes was at all times here relevant the Commanding Officer of Public Service Area 3 and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including at least one of the other individual defendants.  Captain Haynes is sued in his individual and official capacities.

11.     Inspector Michael Harrington (Inspector Harrington) was at all times here relevant the Commanding Officer of the 79th Precinct, and, as such, was a policy maker with

respect to training, supervision, and discipline of NYPD officers within the precinct, including at least one of the other individual defendants. Inspector Harrington is sued in his individual and official capacities.

12   All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

13   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14   Within 90 days of the events giving rise to this claim, as well as of their termination in plaintiff's favor, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15   On October 8, 2003 at approximately 12:30 a.m., plaintiff was on Nostrand Avenue between Park Avenue and Myrtle Avenue in Brooklyn, NY, when he was stopped, searched and detained by defendant police officers without reasonable suspicion, probable cause or with any reasonable belief that the officers were in danger.

16   Defendant officers assaulted and battered plaintiff, falsely arrested him without probable cause, and unlawfully seized his property by shooting and killing his dog for no lawful reason.

17   Defendant officers then maliciously prosecuted plaintiff, causing a false criminal complaint to be filed against plaintiff.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of his right to Due Process of Law under the 14th Amendments to the United Stated Constitution;

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and deprivation of property;

    g. Loss of liberty;

    h. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(ASSAULT)

21. Paragraphs one through 20 are here incorporated by reference.

22. Upon approaching plaintiff, and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

24. Plaintiff was damaged by defendants' assault in the amount of Three Hundred Thousand ($300,000.00) Dollars.

## SECOND CAUSE OF ACTION
(BATTERY)

25. Paragraphs one through 24 are here incorporated by reference.

26. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

27. Defendants used excessive and unnecessary force with plaintiff.

28. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

29. Plaintiff was damaged by the battery of the defendants in the amount of Three Hundred Thousand ($300,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

30. Paragraphs one through 29 are here incorporated by reference.

31. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

33. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

34. Paragraphs one through 33 are here incorporated by reference.

35. Defendants began and continued a criminal prosecution against plaintiff

36. The criminal proceedings were terminated favorably to plaintiff.

37. There was no probable cause for the prosecution.

38. Defendants acted with malice.

39. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

40. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of Three Hundred Thousand ($300,000) Dollars.

### FIFTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

41. Paragraphs one through 37 are here incorporated by reference.

42. The City, the Commissioner, Captain Haynes and Inspector Harrington are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and

servants and the others whose names are currently unknown.

43. The City, the Commissioner, Captain Haynes and Inspector Harrington knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

44. The aforesaid event was not an isolated incident. The City, the Commissioner, Captain Haynes and Inspector Harrington have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. In addition, the City, Commissioner, Captain Haynes and Inspector Harrington have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the lawful use of force and deadly weapons. The City, Commissioner, Captain Haynes and Inspector Harrington are further aware, from the same sources, that a "wall of silence" exists by which police officers detain and assault citizens and deprive them of their property without fear of reprisal. The City, Commissioner, Captain Haynes and Inspector Harrington fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner, Captain Haynes and Inspector Harrington have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the

officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

45. The City the Commissioner, Captain Haynes and Inspector Harrington knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Captain failed to take corrective action.

46. The City, the Commissioner, Captain Haynes and Inspector Harrington have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

47. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Commissioner, Captain Haynes and Inspector Harrington to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

48. Defendants City of New York, the Commissioner, Captain Haynes and Inspector Harrington have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

49. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner Captain Haynes and Inspector Harrington in the amount of Three Hundred Thousand ($300,000.00) dollars.

## SIXTH CAUSE OF ACTION
(42 USC § 1983)

50. Paragraphs one through 46 are here incorporated by reference.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff

under 42 USC § 1983 and the New York State Constitution.

52. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the 14th Amendment of the United States Constitution.

53. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Three Hundred Thousand ($300,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:  Brooklyn, New York
        January 3, 2005

TO:  New York City                          Yours, etc.,
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY  10007                    LEO GLICKMAN, ESQ.
                                            Bar #LG3644
     Police Commissioner Raymond W.         Attorney for Plaintiff
     Kelly                                  71 Nevins Street
     1 Police Plaza                         Brooklyn, NY  11217
     Room 1406                              (718) 852-0507
     New York, NY 10006                     lglickman@earthlink.net

     Captain Haynes
     Public Service Area 3
     25 Central Avenue
     Brooklyn, NY 11206

     Inspector Michael Harrington
     79th Precinct
     263 Tompkins Ave.
     Brooklyn, NY 11221

     Police Officer James V. Marston
     Shield # 24796
     Public Service Area 3
     25 Central Avenue
     Brooklyn, NY 11206